■ THE PEOPLE OF THE STATE OF NEW YORK v LEONARD GOLDFADEN.— Motion to resettle the order of this court, entered May 13, 1976, is granted to the extent the motion is considered as one to clarify our opinion therein and resettlement denied. Initially, we note that in *People v Alston* (79 Misc 2d 1077), Justice Kapelman held Dr. Noguchi's test on old dried blood to be incompetent. The test represents a scientific breakthrough which must gain general acceptance in the specialized field of blood tests before it is competent and admissible. Whether or not the test meets this standard should be determined by a hearing prior to retrial. It would appear that Dr. Briggs' qualifications are equal to those of Dr. Noguchi, and he should have been permitted to testify to the same extent as Dr. Noguchi. Their testimony is part and parcel of the same issue. Should it be determined that Dr. Noguchi's testimony is competent, Dr. Briggs should be permitted to testify to refute Dr. Noguchi's testimony. Should it be determined that Dr. Noguchi's testimony is incompetent and inadmissible, there will be no need for Dr. Briggs to testify. In view of the foregoing, we feel that resettlement of our order of reversal is unnecessary. However, either party may settle order within 10 days hereof if so advised. Finally, we note that Dr. Ishizu did not testify in *People v Alston (supra)*. Either party may settle order on notice within 10 days from the date of publication hereof, if so advised. Concur— Stevens, P. J., Markewich, Murphy, Silverman and Nunez, JJ.